Jackson
v.
Lytle.

**JACKSON,** *ex den.* **PRINDLE,** *against* **LYTLE.**

To obtain leave to enter into the consent rule specially, the defendant in ejectment must apply to the court, and is, therefore, entitled to have the costs of such application taxed in his final bill of costs, if he be successful. So if the plaintiff discontinue.

S. STEVENS, moved for a re-taxation of costs. The plaintiff having discontinued this suit, on payment of costs, the defendant's attorneys included in the bill the costs of making a motion for leave to enter into the consent rule specially, at the last February term of this Court, amounting to $9 32. These costs were objected to by the plaintiff's attorneys, on the taxation, but were taxed by the commissioner.

The attorneys for the parties now submitted whether the defendant is entitled to these costs. They stipulated that the facts reported in 2 Cowen's Rep. 442, S. C. be taken as a part of this case, (without affidavit;) by which it appears that the application to enter into the consent rule was granted without costs.

*J. Willard,* contra, said, the Court having decided, in the case cited, that the entering into a consent rule was not a matter of course; and the plaintiff having refused to do it, without an application to the Court, the costs of the motion should abide the event.

In the case of a necessary application to the Court, in the progress of a cause, when the course and practice of the Court is not to enforce payment of the costs by attachment, they abide the event.

Thus, the costs of a motion for a reference, for a commission, for a rule to change the venue, of motions in real actions, motions for attachment against the Sheriff, &c. where costs are not awarded by the rule, make a part of the general costs of the action, and abide the event of the suit.

The defendant did not come to ask a favor, nor to be relieved from a rule obtained against him. The application was in the ordinary course of the cause.

*S. Stevens*, in reply. The costs objected to are those of the motion—not of the consent rule. Had the affidavit presented to the plaintiff's attorneys been sufficient, it is evident, from the case reported in 2 Cowen, that costs would have been given. The Court say, the consent rule cannot be made special as a matter of course, but should be on application to the Court; especially where the affidavit is so general and loose as the one which was served on the plaintiff's attorneys. It was, then, the fault of the defendant's attorneys, that they did not obtain costs; which must be considered as finally denied by that motion. In the case of motions to change the venue, for a reference, for a commission, &c. no costs are given, one way or the other; and they stand on the same footing with any other ordinary step in the cause.

*Curia.* We think the case not distinguishable, in principle, from the ordinary one of allowing, in the final taxation, the costs of motions to change the venue, to refer the cause, or for a commission. If the party incurring these costs succeed, he recovers them as a part of the general costs in the cause; upon the ground that it is necessary to move the Court. It is so in this case. The defendant must apply to the Court for leave to enter into a special consent rule. Had he been successful upon a trial, these costs would, therefore, be allowed; and a discontinuance of the suit is the same in principle, as to this question.

Rule accordingly.